United States District Court
District of Massachusetts

```
_____
                                   )
Charles Langone,                   )
        Plaintiff,                 )
                                   )
        v.                         )      Civil Action No.
                                   )      08-10420-NMG
Bridgeport Steel Company,          )
Passaic County Steel, Inc.,        )
Grammar, Dempsey & Hudson, Inc.,   )
Mid Hudson Specialty Steel,        )
Inc., Buell Specialty Steel,       )
Inc., Pabrico Steel Fabricators,   )
Inc. and Kahl Specialty Steel,     )
Inc.                               )
        Defendants.                )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

I.   **Factual Background**

On March 14, 2008, plaintiff Charles Langone ("Langone"), as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund"), brought suit against defendants Bridgeport Steel Company ("Bridgeport"), Passaic County Steel, Inc., Grammar, Dempsey & Hudson, Inc., Mid Hudson Steel, Inc. and Buell Specialty Steel, Inc. (collectively "the defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., as amended by the Multiemployer Pension Fund Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1381 et. seq., for damages and injunctive relief arising from unpaid withdrawal

-1-

liability.

Count I of the Complaint alleges that Bridgeport was obligated by the terms of collective bargaining agreements and by an Agreement and Declaration of Trust ("the Agreement") to make contributions on behalf of certain employees to the Pension Fund. On or about June 11, 2007, Bridgeport withdrew from the Pension Fund and thus ceased to have any further obligation to contribute to that fund.  Pursuant to the Agreement, by letter dated October 25, 2007, the Pension Fund demanded payment of Bridgeport's proportionate share of the Pension Fund's unfunded vested benefit liability ($234,713).  Bridgeport failed to make any withdrawal liability payments to the Pension Fund on or before December 26, 2007 and has not initiated arbitration of any dispute concerning the Pension Fund's demand.

Counts II-V allege that the other defendants are jointly and severally liable for the withdrawal liability of Bridgeport.  An Amended Complaint filed October 8, 2009 added Counts VI and VII, alleging that defendants Pabrico Steel Fabricators, Inc. and Kahl Speciality Steel Co. also are jointly and severally liable for the withdrawal liability of Bridgeport.

## II.  **Procedural History**

On September 15, 2010, the plaintiff moved for summary judgment on the grounds that: 1) Bridgeport withdrew from the Pension Fund in June 2007, 2) Bridgeport has withdrawal liability

in the amount of $234,713 which it has failed to pay, 3) the other defendants are jointly and severally liable for Bridgeport's unpaid withdrawal liability and 4) the defendants have waived any defenses to the assessment of withdrawal liability because they did not make any arbitration request and the time allowed by statute for such a request has expired.  The plaintiff seeks all mandatory damages under ERISA, including the principal amount of withdrawal liability ($234,713) plus interest ($61,179.43), liquidated damages ($61,179.43) and attorney's fees and costs ($16,834.74).[1]  In total, damages sought are $373,906.60.

On October 6, 2010, the defendants opposed the motion for summary judgment on the ground that the withdrawal liability claimed by the Pension Fund exceeds the permissible statutory calculation because the Pension Fund did not take into account the liquidation or financial condition of Bridgeport in determining withdrawal liability.  The defendants, however, do not contest that: 1) Bridgeport has withdrawn and that withdrawal liability has attached pursuant to ERISA § 4201, 29 U.S.C. § 1381, 2) Bridgeport has failed to make any withdrawal liability payments to the Pension Fund and has not initiated arbitration of any dispute concerning  that demand and 3) the other defendants

---

[1] Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), liquidated damages are equal to the greater of either the amount of interest (i.e. $61,179.43) or liquidated damages of 20% of the principal (i.e. $46,942.60).

are jointly and severally liable for Bridgeport's withdrawal
liability.

On October 19, 2010, the plaintiff replied to the
defendants' opposition, contending that the defendants waived
their right to assert any defense to the withdrawal liability
assessment by failing to make a timely request for arbitration.
That, in a nutshell, is the issue before the Court.

## III. __Legal Analysis__

### A.   **Legal Standard**

The role of summary judgment is "to pierce the pleadings and
to assess the proof in order to see whether there is a genuine
need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822
(1st Cir. 1991) (citation omitted).  The burden is on the moving
party to show, based upon the pleadings, discovery and
affidavits, "that there is no genuine issue as to any material
fact and that the moving party is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the
suit under the governing law." <u>Anderson</u> v. <u>Liberty Lobby, Inc.</u>,
477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant
or unnecessary will not be counted." <u>Id.</u>  A genuine issue of
material fact exists where the evidence with respect to the
material fact in dispute "is such that a reasonable jury could
return a verdict for the nonmoving party." <u>Id.</u>

-4-

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate.

## B.  Application

An assessment of withdrawal liability is subject to the mandatory arbitration provisions of the MPPAA. ERISA § 4221, 29 U.S.C. § 1401. An employer 1) waives the right to contest the assessment on the merits if it fails to initiate arbitration on a timely basis, 29 U.S.C. § 1401(b)(1), and 2) has 90 days after receiving notice of the assessment of withdrawal liability to ask the plan sponsor to review the determination. 29 U.S.C. § 1399(b)(2)(A). The plan sponsor must review the determination and notify the employer of its decision. 29 U.S.C. § 1399(b)(2)(B). Either party may initiate arbitration within 60 days after the earlier of the date of notification to the employer under § 1399(b)(2)(B) or 120 days after the date of the

employer's request under § 1399(b)(2)(A).  By failing to initiate arbitration, an employer waives its insolvency defense pursuant to ERISA § 4225, 29 U.S.C. § 1405.  Langone v. Yankee Food Distrib., Inc., 1995 U.S. Dist. LEXIS 20044, *5 (D. Mass. Dec. 28, 1995); see also Bd. of Trs. v. BES Servs., Inc., 469 F.3d 369, 376 (4th Cir. 2006); Cent. States, Se. & Sw. Areas Pension Fund v. Slotky, 956 F.2d 1369, 1372 (7th Cir. 1992).

Here, the only issue on summary judgment is the amount of withdrawal liability.  More than three years have passed since the Pension Fund demanded payment and the defendants have neither requested that the Pension Fund review the assessment of withdrawal liability nor requested arbitration of the matter. Because the defendants have failed to make a timely request for arbitration, they have waived their right to assert any defense to the withdrawal liability assessment, including that the amount should be reduced pursuant to ERISA § 4225, 29 U.S.C. § 1405, due to the employer's insolvency.  Thus, the amount of withdrawal liability is that which has been calculated and demanded by the Pension Fund.

In an action under ERISA § 4301(b), 29 U.S.C. § 1451(b), to enforce the payment of withdrawal liability, the damages provided in ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), including interest, liquidated damages and attorney's fees and costs, are mandatory. Therefore, the plaintiff is entitled to the amount of withdrawal

liability plus interest, liquidated damages and attorney's fees and costs.

## ORDER

In accordance with the foregoing, the plaintiff's motion for summary judgment (Docket No. 26) is **ALLOWED**.  An award of principal liability ($234,713), plus interest ($61.179.43), liquidated damages ($61.179.43) and attorney's fees and costs ($16,834.74), for a total of $373,906.60 is entered for the plaintiff.


**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated November 10, 2010